UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN RE STRAIGHTLINE CONSTRUCTION & DEVELOPMENT LLC | CASE NO. 3:25-cv-06152-DGE<br><br>ORDER ON MOTION TO CONSOLIDATE APPEALS AND FOR AN EXTENSION OF TIME TO FILE OPENING BRIEF (DKT. NO. 8) |

Before the Court is the motion of Appellant Resource Transition Consultants LLC ("RTC") to consolidate appeals and for an extension of time to file an opening brief.  (Dkt. No. 8.)

**A.  Motion to Consolidate Appeals**

This motion arises from appeals of two orders entered against Appellee Straightline Construction & Development LLC ("Straightline") by the United States Bankruptcy Court for the Western District of Washington.  *See In re Straightline Construction & Development LLC*, Case No. 25-42296-MJH.

ORDER ON MOTION TO CONSOLIDATE APPEALS AND FOR AN EXTENSION OF TIME TO FILE OPENING BRIEF (DKT. NO. 8) - 1

On September 18, 2025, Petitioning Creditor Rajesh Dighde ("Dighde") initiated the underlying bankruptcy case by filing a Chapter 7 involuntary petition against Debtor Straightline. *Id.* at Dkt. No. 1. On October 22, 2025, Phyne Properties LLC ("Phyne") joined the involuntary petition as a second petitioning creditor. *Id.* at Dkt. No. 14.

### 1. Appeal of Order Granting Relief

On December 9, 2025, the Bankruptcy Court entered an order of relief against Straightline. *Id.* at Dkt. No. 61. On December 22, 2025, RTC filed a notice of appeal from the order of relief. *Id.* at Dkt. No. 81. RTC's appeal of the order is presently before the Court in this matter, *In Re: Straightline Construction & Development LLC*, Case No. 3:25-cv-06152-DGE.

### 2. Appeal of Order Striking Answer

On October 21, 2025, RTC, acting as the general receiver for the Straightline, filed an answer to the petition. *Straightline,* 25-42296 at Dkt. No. 12. On November 22, 2025, Phyne filed a motion to strike RTC's answer, arguing RTC could not file an answer on Straightline's behalf because it is not the debtor or the real party in interest. *Id.* at Dkt. No. 39. On January 28, 2026, the Bankruptcy Court granted Phyne's motion to strike RTC's answer, finding that RTC lacked standing to file an answer because it did not move to intervene. *Id.* at Dkt. No. 125. On January 30, 2026, RTC filed a notice of appeal of the Bankruptcy Court's order striking its answer. *Id.* at Dkt. No. 129. RTC's appeal of the order is presently before the Court but is filed at *In Re: Straightline Construction & Development LLC*, Case No. 3:26-cv-05152-DGE.

### 3. Analysis

RTC asks the Court to consolidate the two appeals and designate Case No. 3:25-cv-06152-DGE as the lead case. (Dkt. No. 8 at 1.) RTC further asks the Court to hold the appeals in abeyance pending perfection of the record in Case No. 3:26-cv-05152-DGE, and to reset the

briefing schedule accordingly.  (*Id.* at 2.)  RTC argues consolidation is appropriate because the two appeals involve the same parties, rely on overlapping records, and raise common questions of law and fact.  (*Id.*)

Under Federal Rule of Bankruptcy Procedure 8003(b)(2), when parties have separately filed timely notices of appeal, the district court may join or consolidate the appeals.  Under Rule 8026, a district court may make and amend local rules governing the practice and procedure on appeal to the district court from a bankruptcy court's judgment, order, or decree.  Pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate actions involving common questions of law or fact.  Under Local Civil Rule 42, a party seeking to have its case consolidated with one or more cases pending in this district may file a motion to consolidate the cases.  Prior to filing a motion to consolidate, the parties must meet and confer and attempt to reach agreement regarding whether the cases should be consolidated.  If they agree, the parties must file a stipulation to consolidate in all of the cases to be consolidated.

Here, the parties conferred and were unable to reach an agreement regarding consolidation.  (Dkt. No. 8 at 4.)  While RTC asserts no that no parties have objected to consolidation, the parties have not filed a stipulation to consolidate the cases.  As of today's date, it does not appear any party has filed a formal opposition.

"The court has broad discretion to consolidate cases." *Assurance Co. of Am. v. PC Mktg., Inc.*, No. C13-6008 BHS, 2014 WL 4384053, at *1 (W.D. Wash. Sept. 4, 2014) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)).  "In deciding whether to consolidate, the court considers a number of factors, including judicial economy and potential prejudice to a party opposing the consolidation." *Id.*

ORDER ON MOTION TO CONSOLIDATE APPEALS AND FOR AN EXTENSION OF TIME TO FILE OPENING BRIEF (DKT. NO. 8) - 3

Here, judicial efficiency counsels in favor of consolidating the two appeals, which stem from the same underlying case and therefore involve the same parties and attorneys.  And again, there are not, at this stage, any parties opposing consolidation.  Further, as discussed in more detail below, RTC has already submitted a brief in this case addressing both appeals.  Accordingly, RTC's motion to consolidate the two appeals is GRANTED.

**B. Motion for Extension of Time to File Opening Brief**

RTC's opening brief was due on February 23, 2026.  (Dkt. No. 7.)  On February 19, 2026, RTC filed a motion for an extension of time.  (Dkt. No. 8.)  RTC argues that because Case No. 3:26-cv-05152 was assigned to the undersigned on February 19, 2026, both appeals should be held in abeyance pending perfection of the record in this case.  (*Id.* at 6.)  Under Local Civil Rule 7(j), a motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline.  Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.

The Court acknowledges that RTC appears to have filed its motion for an extension shortly after Case No. 3:26-cv-05152-DGE was assigned.  Nevertheless, RTC filed its opening brief on February 23, 2026, per Federal Bankruptcy Rule 8018(a)(1), which requires an appellant to serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically.  RTC's brief presents detailed arguments concerning both appeals, and RTC has submitted voluminous supplementary materials in support of its brief.  (*See* Dkt. Nos. 9, 10.)  Accordingly, RTC's motion of an extension of time is DENIED as moot.

For the reasons discussed above, RTC's motion to consolidate is GRANTED and RTC's motion for an extension of time is DENIED as moot.  It is ORDERED that Case No. 3:26-cv-

ORDER ON MOTION TO CONSOLIDATE APPEALS AND FOR AN EXTENSION OF TIME TO FILE OPENING BRIEF (DKT. NO. 8) - 4

05152-DGE is consolidated into Case No. 3:25-cv-06152-DGE and that all future filings related to both matters shall be filed in Case No. 3:25-cv-06152-DGE. The Clerk is directed to close Case No. 3:26-cv-05152-DGE from any further filings.

It is further Ordered that because the record has not been perfected in Case No. 3:26-cv-05152-DGE, any response to RTC's opening brief shall be filed 30 days after the record is perfected. The Parties are directed to confirm with the Court once the record is perfected in Case No. 3:26-cv-05152-DGE so that the Court can issue an order formalizing the remaining briefing schedule.

Dated this 10th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO CONSOLIDATE APPEALS AND FOR AN EXTENSION OF TIME TO FILE OPENING BRIEF (DKT. NO. 8) - 5